JAIME A. LEANOS, Esq. - SBN: 159471
LAW OFFICES OF MORALES & LEANOS
75 East Santa Clara Street, Suite 250
San Jose, CA 95113
Telephone:   (408) 294-6800
Facsimile:   (408) 294-7102
E-mail:      jleanoslaw@pacbell.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FELICIA INGRAM,<br><br>            Plaintiff,<br><br>     v.<br><br>SCOTT BERGET, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT, AND DOES 1-10, INCLUSIVE,<br><br>            Defendants. | **CASE NO:   CV 15-5554**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  42 U.S.C §1983 & 1981 (Fourth Amendment)<br>2. Battery<br>3. Negligence<br>4. Intentional Infliction of Emotional Distress<br><br>**(JURY TRIAL DEMANDED)** |

   Plaintiff, Felicia Ingram, hereby alleges as follows:

////

////

-1-

COMPLAINT FOR DAMAGES

## I. INTRODUCTION

1. This is a civil action seeking damages arising from the illegal and unconstitutional detention, arrest, use of excessive force, battery, false imprisonment and intentional infliction of emotional distress of Felicia Ingram("Plaintiff") by San Jose Police Officer Scott Berget ("Defendant").

2. On October 31, 2014, Felicia Ingram was illegally detained and arrested for a misdemeanor violation of penal code section 148(a)(1) (Resisting, Delaying, Obstructing a Police Officer.)

3. During the arrest, Defendant- Officer Berget tased, punched, beat, kicked, and stepped- on Plaintiff as she laid defenseless and attempted to protect herself from the defendant's attack.

4. Defendant- Officer Berget submitted a false police report claiming Plaintiff had resisted arrest and assaulted him prior to her arrest. Based on this false report the Santa Clara County District Attorney's Office filed a criminal complaint alleging misdemeanor resisting arrest charge against Plaintiff.

5. As a result of the excessive force by defendant- officer Berget, Plaintiff sustained puncture wounds from the taser barbs. Plaintiff also suffered bruising to her legs and abrasions to her knees and other injuries that required her being taken to the hospital. In addition to the physical harm suffered, plaintiff was also subjected to mental anguish and emotional pain.

6. On February 25, 2015, the Santa Clara County District Attorney's Office dismissed the criminal case against the Plaintiff.

7. Plaintiff now brings this action for damages and to vindicate her civil rights under the California and United States Constitution.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction of the subject matter of this action under 42 U.S.C. Sections 1983 for the deprivation of rights secured by the Fourth

COMPLAINT FOR DAMAGES

Amendment to the Constitution of the United States. The jurisdiction of this court is predicated upon 28 U.S.C. Section 1331.

9. The Court has personal jurisdiction over the named defendant named herein because the Plaintiff is informed and believes and on that basis alleges that the defendant is currently domiciled in the State of California.

10. The court has pendant and supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. Section 1367. The pendant state law claims contained in this Complaint arises from the same nucleus of operative facts, and involves identical issues of fact and law, as the federal claims, such that the entire action constitutes a single case appropriate for prosecution as a single proceeding.

11. On or about July 29, 2015, Plaintiff presented a written claim for damages with the City pursuant to California Government Code Section 910 et eq. On August 12, 2015, the City of San Jose rejected Plaintiff's claim.

12. Venue is proper in the Northern District of California, under 28 U.S.C. Section 1391(b)(1) and (2) because some or all of the defendants to this action reside in this District and because a substantial part, if not all, of the events or omissions giving rise to Plaintiffs' claim occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

13. Pursuant to Northern District Civil Local Rule 3-29 (c), intradistrict assignment to the San Jose Division of the Court is proper because a substantial part of the events or omissions giving rise to the claims herein occurred in the County of Santa Clara.

### III. PARTIES

14. The Plaintiff in this case is Felicia Ingram and was at all relevant times hereto, a resident of the City of San Jose, County of Santa Clara, State of

COMPLAINT FOR DAMAGES

California.

15.   Defendant Scott Berget ("Defendant-Officer"), sued in both his individual and official capacities, is a resident of California on information and belief, and all relevant times has been a Police Officer for the City of San Jose.

16.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment, and/or representation, and that each and every defendant is jointly and severally responsible and liable to the Plaintiff for the damages hereinafter alleged.

17.   Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the Doe defendants is legally responsible and liable for the incident, injuries, and damages set forth herein, and that each of the defendants proximately caused said incident, injuries, and damages by reason of their violation of constitutional and legal rights, negligence, breach of duty, negligent supervision, management or control, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment or control or upon any other act or omission.

18.   Each of the defendants, including Does 1 through 10, caused and is responsible for the unlawful conduct described herein and the resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so, with deliberate indifference to Plaintiff's rights.

19.   In doing the acts and/or omissions alleged herein, defendants and each

of them, acted within the course and scope of their employment for the City of San Jose.

20. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

21. In doing the acts and/or omissions alleged herein, defendants, and each of them acted as the agent, servant, employee and/or in concert with each of said other defendants.

22. All individual defendants are guilty of fraud, oppression, and/or malice that would justify the imposition of punitive and exemplary damages.

23. Plaintiff, Felicia Ingram, was seriously injured, emotionally and physically, as a direct and proximate result of the actions of the defendants and does 1-10.

### IV. FACTUAL ALLEGATIONS – The Arrest of Felicia Ingram.

24. On October 31, 2014, Plaintiff Felicia Ingram, a 45-year-old African American woman, was inside her legally parked van in a Barnes and Noble parking lot when San Jose Police Officer Scott Berget (#4082) approached her vehicle and knocked on her window. Officer Berget did not have an arrest warrant for the Plaintiff and lacked probable cause to arrest or detain the Plaintiff.

25. Mrs. Ingram was in the back of her van on her cell phone and did not respond to the officer's knocks. Officer Berget did not see Plaintiff inside the van. Officer Berget checked the van's VIN and license plate information and learned that the vehicle was legally registered and was not reported stolen.

26. Once Officer Berget drove his patrol vehicle away, he saw the van begin to drive away from the parking lot. Officer Berget stopped his patrol vehicle in next to Plaintiff's van and held up his hand for Mrs. Ingram to stop. Mrs. Ingram stopped her vehicle and rolled down her window and asked why she was being stopped.

27. After this unlawful detention, Officer Berget ordered Plaintiff to step out of her vehicle. Mrs. Ingram, who did not consent to being detained, asked the officer why she was being stopped. Without stating the purpose for the detention and without probable cause, Officer Berget demanded Mrs. Ingram's driver's license and ordered her to exit her vehicle.

28. In fear of her safety, Mrs. Ingram declined to leave her vehicle. Officer Berget then threatened Mrs. Ingram that if she did not come out of her van that he would physically remove her from her vehicle and arrest her. In response to this threat, Mrs. Ingram exited her vehicle.

29. Once again Officer Berget demanded her driver's license. Once again Mrs. Ingram inquired about why she was being detained. Again, without giving a reason, Officer Berget asked her to move away from her van and threatened to arrest her if she did not comply.

30. Mrs. Ingram informed Officer Berget he could not arrest her because she had not done anything wrong. Thereafter, without provocation or legal justification, defendant-officer Berget grabbed her arm and moved her to the other side of the van. In fear for her safety, Mrs. Ingram pulled her arm away. Officer Berget grabbed her again with a tighter grip and knocked Plaintiff to the ground. Officer Berget then forced Mrs. Ingram into a prone position and she attempted crawl away from this attack.

31. At this point Officer Berget deployed his taser from its holster. As Mrs. Ingram was on her hands and knees, Officer Berget tased her. At no time prior to being tased did Mrs. Ingram threaten or physically challenge the defendant-officer. At no time did Officer Berget advise Mrs. Ingram that she would be tased.

32. While being tased Mrs. Ingram screamed in pain. Without warning the Defendant-Officer tased her a second time. Both taserings occurred as the Plaintiff was on the ground and not a physical threat to the defendant. After being tased,

-6-

COMPLAINT FOR DAMAGES

Mrs. Ingram was forced into a prone position and Defendant-Officer Berget placed her in handcuffs.

33. Mrs. Ingram suffered two taser puncture wounds and abrasions to her knee. She was transported to the hospital where she received treatment for her injuries. While at the hospital, she consented to having her blood drawn. Mrs. Ingram's blood test was negative for alcohol and drugs.

34. Mrs. Ingram was then falsely arrested and charged with resisting arrest. On February 25, 2015, The Santa Clara County District Attorney's Office dismissed all charges against Mrs. Ingram.

35. As a result of the foregoing, Plaintiff sustained serious injuries and emotional trauma consistent with the application of the excessive force and tasering. Plaintiff further suffered intense physical and emotional pain, anguish, distress and despair and was deprived of his rights under the Fourth Amendment of the United States Constitution. The excessive force used against the Plaintiff Felicia Ingram by Defendant- Officer Berget was the proximate cause of Plaintiff's injuries.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF THE 4th AMENDMENT OF THE UNITED STATES CONSTITUTION
### 42 U.S.C. §§ 1983, 1981

36. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint.

37. Defendant- Officer's conduct violated the rights of Plaintiff under the 4th Amendment right to be free from unreasonable seizures. The Defendant-Officer is liable to Plaintiff Felicia Ingram for violation of her constitutional rights.

38. These violations are compensable pursuant to 42 U.S.C. sections 1983

COMPLAINT FOR DAMAGES

and 1981.

39. As a result of Defendant's conduct, Plaintiff has suffered significant psychological and physical harm, loss of his freedom and pain and suffering.

40. Defendant- Officer's acts and/or omissions were done willfully, deliberately, maliciously, and with reckless or deliberate indifference or conscious disregard to Plaintiff's constitutional rights, thereby entitling Plaintiff to an award of exemplary or punitive damages.

41. The acts of the Defendant-Officer Berget, and each of them, that constitute deprivation of Plaintiff's civil rights and are the basis of the claims herein include:

(a) Defendant - Officer illegally detained Plaintiff and employed unnecessary and excessive force in Plaintiff's detention, restraint and arrest, including, inflicting physical trauma to her body, face, head, legs, back and arms. This trauma was a substantial factor in causing her physical injuries.

(b) Defendant - Officer was grossly negligent or acted with reckless disregard for the risk of physical injuries when he forced Plaintiff to the ground, assaulted and tased her when Plaintiff was not fighting or resisting the officer-defendant.

(c) Defendant - Officer was also grossly negligent and acted with reckless disregard for the risk of Plaintiff's injuries when he ignored Plaintiff's injuries and forced her into handcuffs.

## SECOND CAUSE OF ACTION
### (Battery)

42. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 35 as though fully set forth herein.

43. Plaintiff asserts a claim of battery against defendant-officer Berget based upon the unlawful touching of plaintiff which was the direct and legal cause

COMPLAINT FOR DAMAGES

of his injuries and the resulting damages and loss to Plaintiff. At all times during the unlawful touching of Plaintiff, Defendant was acting within the course and scope of his employment with the City of San Jose. The City of San Jose is thus vicariously liable for the acts of the Defendant who committed the battery upon Plaintiff pursuant to Government Code Sections 815.2 (a) and 820 (a). The non-consensual contact by the involved Defendant-Officer against the Plaintiff amounted to unreasonable force and included, but was not limited to, unnecessary and improper use of force and the improper and excessive use of the taser on the Plaintiff.

44. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of the Defendant-Officer was willful, malicious, intentional, oppressive, reckless and/or was done in willful and conscious disregard of the rights, welfare and safety of the Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

45. The battery also includes tasing of the Plaintiff by the Defendant when she was not a threat or physically challenging the Defendant. The battery also includes the Plaintiff being thrown to the ground and attacked by the Defendant while the Plaintiff was not resisting and lying in a defenseless prone position.

46. As a direct and legal cause of the acts and omissions of the Defendant - Officer and each of them, the Plaintiff has suffered damages, including without limitation, pain and suffering, emotional distress, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

### THIRD CAUSE OF ACTION
**(Negligence)**

47. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 in this complaint.

COMPLAINT FOR DAMAGES

48. Defendant was negligent, and/or reckless and such conduct caused harm to Plaintiff. Defendant was negligent and/or reckless in performing his duties and failed, neglected, and/or refused to properly and fully discharge his responsibility by, among other things:

(a) Using unnecessary, excessive force against Plaintiff, which would not have been applied by a reasonable police officer under the same circumstances;

(b) Grossly miscalculating the inherent dangerousness of the situation and thereby creating a situation in which serious bodily harm would likely result;

(c) Failing to practice and follow sufficient police procedures to ensure the officers and the public's safety;

(d) Failing to exercise the proper method of arresting and detaining Plaintiff that resulted in the unnecessary escalation of force; and

49. As a result of Defendant's conduct, Plaintiff has suffered significant physical and emotional harm, pain and suffering.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

50. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint.

51. The conduct of Defendant- Officer Berget as set forth herein, was extreme and outrageous and beyond the scope of conduct that should be tolerated by citizens in a democratic and civilized society. Defendant committed the aforementioned extreme and outrageous acts with the intent to inflict severe emotional distress upon Plaintiff.

52. As a proximate result of said Defendant- Officer's willful, intentional and malicious conduct, Plaintiff suffered severe emotional distress. Therefore,

COMPLAINT FOR DAMAGES

Plaintiff is entitled to an award of punitive damages against said Defendant and Plaintiff has suffered injuries and damages hereinafter set forth.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1. For general damages against all Defendants, jointly and severally, to be determined at trial;

2. For special damages against all defendants, jointly and severally, in an amount to be proven at trial;

3. For punitive and exemplary damages against the individual Defendants, and DOES 1-10, jointly and severally, in an amount to be proven at trial;

4. For attorneys fees under 18 U.S.C. Section 1988;

5. For costs of suit; and

6. For whatever further relief, including injunctive relief, as may be just and proper.

## JURY DEMANDED

Plaintiff hereby demands trial by Jury.

Dated: November 16, 2015        LAW OFFICES OF MORALES & LEANOS

By: /s/ *Jaime A. Leaños*
Attorney for Plaintiff

COMPLAINT FOR DAMAGES