UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELICIA INGRAM,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT BERGET, individually and as an officer of the San Jose Police Department; and DOES 1-10, inclusive,<br><br>        Defendant. | Case No. 5:15-cv-05554-LHK (HRL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION**<br><br>Re: Dkt. No. 31 |

Defendant Scott Berget moves for an order compelling plaintiff Felicia Ingram to appear for her deposition. According to defense counsel, the parties discussed deposition dates.[1] But, plaintiff's counsel subsequently advised that he has lost contact with Ingram and therefore cannot provide dates for her deposition. He has since moved for permission to withdraw as plaintiff's counsel of record.[2]

All discovery disputes have been referred to the undersigned for disposition. And,

---

[1] It is unclear whether defendant has served a formal notice for plaintiff's deposition. However, a noticing party is required to meet-and-confer about dates before noticing a deposition. Civ. L.R. 30-1. That apparently is what defendant was attempting to do here.

[2] In the motion to withdraw, plaintiff's counsel claims he advised plaintiff that defendant wished to take her deposition. Plaintiff, however, reportedly refused to discuss the case or any deposition dates with him. (Dkt. 30-1, Leanos Decl. ¶ 13). That motion remains pending.

ordinarily this court would terminate defendant's motion to compel discovery and require the parties to file a Discovery Dispute Joint Report (DDJR) in compliance with the undersigned's Standing Order re Civil Discovery Disputes. In view of the current circumstances, however, requiring a DDJR is not likely to prove fruitful. So, this court will excuse that requirement in this one instance. (Once issues concerning plaintiff's representation have been resolved, the parties will be required to comply with this court's Standing Order and to submit DDJRs, rather than formal motions, on any future discovery dispute.)

In any event, given the particular discovery relief sought on the present motion, this court sees no need for any further briefing, and the matter is deemed suitable for determination without oral argument, see Civ. L.R. 7-1(b). It is axiomatic that a party may depose any other party without leave of court.[3] Fed. R. Civ. P. 30(a)(1). Absent a valid basis for a protective order, Berget therefore is entitled to take Ingram's deposition. Here, the record presented indicates that the sole reason plaintiff has not appeared for her deposition is her alleged refusal to communicate with her attorney. Accordingly, this court grants defendant's motion to compel as follows: Plaintiff shall appear for her deposition on or before August 17, 2016, the scheduled close of fact discovery.

SO ORDERED.

Dated:   July 19, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[3] It is not apparent that any of the exceptions requiring leave of court are at issue here. See Fed. R. Civ. P. 30(a)(2).

5:15-cv-05554-LHK Notice has been electronically mailed to:

Christian Bayard Nielsen     CAO.Main@sanjoseca.gov, Chris.Nielsen@sanjoseca.gov, Katherine.Walters@sanjoseca.gov

Jaime Alejandro Leanos     jleanoslaw@pacbell.net, florysel-leanos@pacbell.net